**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL A. TRICARICHI, Transferee, | No. 16-73418 |
| Petitioner-Appellant, | Tax Ct. No. 23630-12 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted February 7, 2018
Pasadena, California

Before: W. FLETCHER, BEA,[**] and OWENS, Circuit Judges.

Taxpayer Michael A. Tricarichi appeals from the tax court's decision on his

petition challenging a notice of transferee liability regarding West Side Cellular,

Inc.'s ("West Side") unpaid taxes. Specifically, Tricarichi challenges the tax

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Judge Bea was drawn to replace Judge Reinhardt on the panel following his death. Ninth Circuit General Order 3.2h. Judge Bea has read the briefs, reviewed the record, and listened to oral argument.

court's conclusion that he is liable for West Side's unpaid taxes under 26 U.S.C. § 6901 and the Ohio Uniform Fraudulent Transfer Act ("UFTA").[1] We have jurisdiction under 26 U.S.C. § 7482. We review the tax court's conclusions of law de novo and its factual findings for clear error. *Hongsermeier v. Comm'r*, 621 F.3d 890, 899 (9th Cir. 2010). As the parties are familiar with the facts, we do not recount them here. We affirm.

Contrary to Tricarichi's contentions, the tax court did not clearly err in its factual findings regarding the structure and timing of the stock sale. *See Shea Homes, Inc. & Subsidiaries v. Comm'r*, 834 F.3d 1061, 1067 (9th Cir. 2016) (stating that when reviewing the tax court's underlying factual determinations for clear error, this court may reverse only if it finds that "the [t]ax [c]ourt's conclusion was '(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record" (citation omitted)). There is sufficient support in the record for the tax court's characterization of the transaction.

The tax court properly held that Tricarichi is liable for West Side's unpaid taxes under § 6901 and the Ohio UFTA. *See Slone v. Comm'r*, 810 F.3d 599, 604 (9th Cir. 2015) (*Slone I*) (setting forth two-pronged *Stern* test). Under the state-law

---

[1] We resolve Tricarichi's challenge to the tax court's conclusion that Tricarichi is also liable for the "pre-notice interest" component of West Side's tax liability in a concurrently filed opinion.

2

prong, the tax court properly determined that West Side's cash was "transferred" to Tricarichi under the Ohio UFTA. *See* Ohio Rev. Code Ann. § 1336.01(L) (defining "transfer" as "every direct or indirect . . . method of disposing of or parting with an asset"). And, under the federal-law prong, the tax court properly determined, looking through the form of the stock sale to consider its substance, that it lacked a non-tax business purpose or any economic substance other than the creation of tax benefits. *See Slone I*, 810 F.3d at 605-06; *see also Slone v. Comm'r*, 896 F.3d 1083, 1086 (9th Cir. 2018) (*Slone II*).

**AFFIRMED**.